1  Edwin B. Stanley, #011730
   **SIMBRO & STANLEY, PLC**
2  8767 East Via de Commercio
   Suite #103
3  Scottsdale, Arizona 85258-3374
   (480) 607-0780
4  bstanley@simbroandstanley.com

5  Attorneys for Debtor

**IN THE UNITED STATES BANKRUPTCY COURT**

**IN AND FOR THE DISTRICT OF ARIZONA**

| | |
|---|---|
| In re: | Case No. 2:10-bk-21165-RJH |
| C&H ARIZONA-STUCKY, LLC, an Arizona limited liability company, | In Proceedings Under Chapter 11 |
| Debtor. | **AMENDED PLAN OF REORGANIZATION BY THE DEBTOR DATED** ~~AUGUST 18, 2010~~**DECEMBER 3, 2010** |

**ARTICLE I**

**INTRODUCTION**

**C&H ARIZONA-STUCKY, LLC**, an Arizona limited liability company (the "Debtor"), by and through its duly authorized, undersigned attorneys, Simbro & Stanley, PLC, hereby proposes the following Amended Plan of Reorganization. The Debtor filed its voluntary Chapter 11 Bankruptcy petition on July 12, 2010. Pursuant to §§1107(a) and 1108 of the Bankruptcy Code, the Debtor is operating its business and managing its affairs as debtor-in-possession.

**ALL CREDITORS AND EQUITY INTEREST HOLDERS ARE ENCOURAGED TO CONSULT THE DISCLOSURE STATEMENT BEFORE VOTING TO ACCEPT OR REJECT THE PLAN. AMONG OTHER INFORMATION, THE DISCLOSURE STATEMENT, PREPARED SOLELY BY THE DEBTOR, CONTAINS DISCUSSIONS OF THE DEBTOR'S HISTORY, BUSINESS, ASSETS, RESULTS OF OPERATIONS, AND FINANCIAL PROJECTIONS FOR FUTURE BUSINESS ACTIVITIES, TOGETHER WITH A SUMMARY AND ANALYSIS OF THE PLAN. NO SOLICITATION MATERIALS, OTHER THAN THE DISCLOSURE STATEMENT AND RELATED MATERIALS TRANSMITTED THEREWITH, HAVE BEEN**

1

**AUTHORIZED BY THE BANKRUPTCY COURT OR BY THE BANKRUPTCY CODE FOR USE IN SOLICITING ACCEPTANCES OR REJECTIONS OF THE PLAN.**

Subject to the restrictions on modifications set forth in Bankruptcy Code §1127 and Bankruptcy Rule 3019, the Debtor expressly reserves the right to alter, amend, or modify the Plan one or more times before its substantial consummation.

## ARTICLE II

## DEFINITIONS

For purposes of the Plan, and except as expressly provided otherwise herein or unless the context otherwise requires, all the capitalized terms not otherwise defined will have the meanings hereinafter stated. For purposes of the Plan and such defined terms, the singular and plural uses of each defined term and the conjunctive and disjunctive uses thereof will be fungible and interchangeable (unless the context otherwise requires); and the defined terms will include masculine, feminine and neuter genders. Any term used in this Plan that is not defined herein, but is defined in the Bankruptcy Code or the Bankruptcy Rules, shall have the meaning ascribed to them in the Bankruptcy Code or Bankruptcy Rules.

Accordingly, the defined terms are as follows:

2.1. <u>Administrative Claim</u>. This term will refer to and the mean a Claim for any cost or expense of administration of the Chapter 11 Case allowed under Bankruptcy Code §§ 503 (b), 507 (b) or 546 (c) (2) and entitled to priority under Bankruptcy Code § 507(a) (1), including but not limited to: (i) all actual and necessary post-petition expenses of maintaining and preserving the Estate; (ii) fees payable pursuant to 28 U.S.C. § 123; and (iii) all Professional Fees approved by the Bankruptcy Court pursuant to interim and final allowances in accordance with Bankruptcy Code §§ 330, 331, and 503 (b). This term shall not include the post–confirmation fees and expenses of any Professionals retained by the Reorganized Debtor.

2.2. <u>Administrative Claim Bar Date.</u> This term will refer to and mean that date that is twenty (20) days following the Confirmation Date.

2.3. <u>Allowed Claim:</u> This term will refer to and mean every Claim against the Debtor:

(a)(i) as to which a proof of such Claim has been filed within the time fixed by the Bankruptcy Court or, if such Claim arises from the rejection of an Executory Contract, on before the first Business Day which is the earlier of twenty (20) days after the entry of the order rejecting the Executory Contract or twenty (20) days after the Confirmation Date or, (ii) which the Debtor has scheduled as liquidated in amount and undisputed; and in either event: (b)(i) as to which no objection to the allowance of such Claim has been filed within any applicable period fixed by the Bankruptcy Court, or (ii) as to which the order allowing such Claim has become final and non-appealable without any appeal, review, or other challenge of any kind to that order having been taken or being still timely. If any Claim or the Creditor holding such Claim is subject to any defense, set off, counterclaim, recoupment, or other adverse claim of any kind of the Debtor, that Claim will be deemed a Disputed Claim; and it will not become an Allowed Claim unless and until all such matters are resolved or adjudicated fully and finally, with appellate rights and remedies having been exhausted. The term "Allowed," when used to modify a reference in the Plan to any Claim or Class of Claims shall mean a Claim (or any Claim in such Class) that is allowed, pursuant to requirements of this definition. Unless any other time is fixed by order of the Bankruptcy Court, and subject to amendment rights and the relation back of amendments under applicable federal or state procedural rules, any objection to the allowance of any Claim must be filed on or before the first Business Day which is one hundred eighty (180) days after the Confirmation Date, unless otherwise ordered by the Bankruptcy Court.

2.4. <u>Ballot.</u> This term will refer to and mean the ballot for accepting or rejecting the Plan and making the Cash Pool Election which will be distributed to the Creditors holding the Claims in the Classes of Claims which are impaired under the Plan and entitled to vote on the Plan.

2.5. <u>Bankruptcy Code.</u> This term will refer to and mean Title 11 of the United States Code, 11 U.S.C. §§ 101, *et seq.,* as it may be amended from time to time during the Chapter 11 Case, and applicable portions of Titles 18 and 28 of the United States Code, as amended.

2.6. <u>Bankruptcy Court or Court.</u> These terms are completely synonymous and interchangeable, and will refer to and mean the United States Bankruptcy Court for the District of

Arizona, or such other court which exercises jurisdiction over part or all of the Chapter 11 Case, including the United States District Court for the District of Arizona to the extent that the reference of part or all of the Chapter 11 Case is withdrawn.

2.7. <u>Bankruptcy Estate</u>. This term will have the same meaning as ascribed to it in Bankruptcy Code §541.

2.8. <u>Bar Date.</u> This term will refer to and mean the date set by the Court by which all Creditors (except creditors with Administrative Claims and Professional Fee Claims that arise after the Bar Date) must have filed proofs of Claim, or in their Claims shall be forever barred and discharged. Pursuant to order of the Bankruptcy Court, the Bar Date was _____ [insert date of disclosure statement approval]

2.9. <u>Business Day.</u> This term will refer to and mean every day except Saturdays, Sundays, federal holidays observed by the Bankruptcy Court, and Arizona state holidays observed by the Bankruptcy Court.

2.10. <u>Cash.</u> This term will refer to and mean cash, cash equivalents, bank deposits, and negotiable instruments payable on demand.

2.11. <u>Causes of Action.</u> This term will refer to and mean all of the Debtor's and the Bankruptcy Estate's causes of action of any kind, whether or not such causes of action are the subject of presently pending lawsuits, adversary proceedings, motions or appeals, including, without limitation (a) causes of action belonging to the Debtor as of the Petition Date, (b) causes of action belonging to the Debtor that arose after the Petition Date, (c) rights belonging to the Debtor pursuant to Bankruptcy Code §§506, 510, and 542-554, and (d) all state and common law causes of action.

2.12. <u>Chapter 11 Case.</u> This term will refer to and mean the case under Chapter 11 of the Bankruptcy Code that was commenced by the filing of the Debtor's voluntary and Chapter 11 petition on the Petition Date, and which is presently pending as Case 2:10-bk-        in the United States Bankruptcy Court for the District of Arizona, Phoenix Division.

2.13. <u>Claim.</u> This term will have the same meaning as ascribed to it in Bankruptcy

1     Code § 101(5).

2.14. <u>Class.</u>  This term will refer to and mean each of the classifications of Creditors' Claims described in the Plan.

2.15. <u>Confirmation Date:</u>  This term shall refer to and mean the date on which the Bankruptcy Court enters the Confirmation Order.

2.16. <u>Confirmation Hearing.</u>  This term will refer to and mean the hearing regarding the confirmation of the Plan conducted pursuant to Bankruptcy Code §1128, as adjourned or continued from time to time.

2.17. <u>Confirmation Order.</u>  This term will refer to and mean the order entered by the Bankruptcy Court which confirms the Plan pursuant to Bankruptcy Code §1129.

2.18. <u>Creditor.</u>  This term will have the same meaning as ascribed to it in Bankruptcy Code §101(10).

2.19. <u>Debtor.</u>  This term will refer to and mean C&H Arizona-stucky, LLC, an Arizona limited liability company

2.20. <u>Disclosure Statement.</u>  This term will refer to and mean the Disclosure Statement prepared by the Debtor and approved by the Bankruptcy Court including, but not limited to, any modification(s) and additional disclosures(s)(if any) provided the Debtor complies with Bankruptcy Code §1127(c).

2.21. <u>Disputed Claim.</u>  This term will refer to and mean every Claim which is not an Allowed Claim.

2.22. <u>Effective Date.</u>  This term will refer to and mean the tenth Business Day after the following events have each occurred:  Confirmation Order has become final and non-appealable without any appeal, review, or other challenge of any kind to that order having been taken or being still timely, *provided however* that the Debtor will have the right, but not the obligation, to waive the above stated non-appealability condition (encompassing any kind of appeal, review, or other challenge to the Confirmation Order) at any time from and after the Confirmation Date.  When and if the above referenced non- appealability condition is waived and performance under the Plan

is being rendered, the Debtor will render all of its performance under the Plan which is due on the Effective Date (if such performance has not previously been rendered). Except where performance earlier than the Effective Date is expressly required by the Plan or where it is lawful and expressly permitted by the Plan to perform after the Effective Date, performance under the Plan will be due on the Effective Date.

    2.23. <u>Effective Date Cash.</u> This term will refer to and mean all Cash that the Debtor has on hand on the Effective Date.

    2.24. <u>Equity Interests.</u> This term will refer to and mean the interests of the owners of the stock in the Debtor.

    2.25. <u>Estate.</u> This term will have the same meaning as ascribed to it in Bankruptcy Code §541.

    2.26. <u>Executory Contract.</u> This term will refer to and mean every unexpired lease and other contract which is subject to being assumed or rejected under Bankruptcy Code §365.

    2.27. <u>Final Order.</u> This term will refer to and mean any order or judgment of the Bankruptcy Court which shall not have been reversed, stayed, modified, or amended and the time to appeal from, or to seek review or rehearing of, shall have expired as to which no appeal or petition for review or rehearing is pending, or if appealed from, shall have been affirmed and no further hearing, appeal, or petition for review can be taken or granted, or as to which no stay has been entered to affect the operative provisions of such order or judgment.

    2.28. <u>MSD Secured Claim.</u> This term will refer to and mean the claim of MSDW2000-Life 1 Stucky Store, LLC, which is serviced by LNR Partners which is secured by a deed of trust lien and assignment of rents on the Real Property.

    2.29. <u>Person</u>. This term will have the same meaning as ascribed to it in Bankruptcy Code §101(41).

    2.30. <u>Petition Date.</u> This terms will refer to and mean July 7, 2010.

    2.31. <u>Plan.</u> This term will refer to and mean this *"Plan of Reorganization of the Debtor Dated August 18, 2010."*

2.32. <u>Post Confirmation Litigation.</u>  This term will refer to and mean the prosecution of any of the Estate's Causes of Action by the Reorganized Debtor.

2.33. <u>Priority Unsecured Claim.</u>  This term will refer to and mean every Unsecured Claim or portion thereof which is not an Administrative Claim, and which is entitled to priority under the applicable provision(s) of Bankruptcy Code §507, and treated as a class 1, 2, 3 or 4 Claim herein.

2.34. <u>Pro Rata</u>  This term will refer to and mean the proportion that an Allowed Claim in a particular Class bears to the total amount of Allowed Claims in that class.

2.35. <u>Professional Fees.</u>  This term will refer to and mean the interim and final fees and expenses charged by and reimbursed to the Debtor's Professionals.

2.36. <u>Real Property.</u>  This term will refer to and mean the freestanding furniture center located at 15440 North Scottsdale Road, Scottsdale, Arizona 85254.

2.37. <u>Reorganized Debtor.</u>  This term will refer to and mean the Debtor, as it will exist after the Effective Date.

2.38. <u>Robb & Stucky Lease.</u> This term will refer to and mean that certain Lease Agreement dated May 16, 1996, between DMB Circle Road Partners, an Arizona general partnership, as landlord, and Robb & Stucky, Ltd., a Florida limited partnership, as tenant.  The Landlord's interest in the Robb & Stucky Lease was subsequently assigned to the Debtor.

2.39. <u>Secured Claim.</u>  This term will refer to and mean every Claim or portion thereof which is asserted by the Creditor holding such Claim to be secured by a lien, security interest, or assignment encumbering any property in which the Estate has an interest, to the extent of the validity, perfection, and enforceability of the claimed lien, security interest or assignment and the value of the interest of the Creditor holding the Secured Claim against the property.

2.40. <u>Secured Creditor.</u>  This term will refer to and mean every creditor which holds an Allowed Secured Claim in the Chapter 11 Case.

2.41. <u>Tax Claims.</u>  This term will refer to and mean any Allowed Claim that is entitled to priority under Bankruptcy Code §507(a)(8). Tax Claims do not include ad valorem tax claims, if those claims under applicable state law are secured by a lien on the property of the Estate.

2.42. <u>Unsecured Claim.</u> This term will refer to and mean every Claim or portion thereof, regardless of the priority of such Claim, which is not a Secured Claim as defined herein.

2.43. <u>Unsecured Creditor.</u> This term shall refer to and mean every Creditor which holds an Allowed Unsecured Claim in the Chapter 11 Case.

## ARTICLE III

## DESIGNATION OF CLAIMS AND EQUITY INTERESTS

3.1. <u>In General.</u> Pursuant to this Plan and in accordance with Bankruptcy Code §1123(a)(1), all Claims of Creditors and the holders of Equity Interests (except Administrative Claims) are placed in the Classes that are described below. A Claim or Equity Interest is classified in a particular Class only to the extent that the Claim or Equity Interest qualifies within the description of that Class and is classified in other Classes only to the extent that any remainder of the Claim or Equity Interest qualifies within the description of such other Classes. A claim is also classified in a particular Class only to the extent that such Claim has not been paid, released, or otherwise satisfied prior to the Effective Date. As of the Confirmation Hearing, any Class of Claims that does not contain a Creditor's Claim will be deleted automatically from the Plan; and any Class of Claims which does not contain an Allowed Claim(or a Claim Temporarily Allowed for voting purposes) will be deemed deleted automatically from the Plan with respect to the voting on confirmation of the Plan.

3.2. <u>Classification.</u>

3.2.1. <u>Unclassified: Administrative Claims.</u> This Class consists of all Claims entitled to priority under Bankruptcy Code §507(a)(1), including, without limitation, Professional Fees.

3.2.2. <u>Class 1: Priority Tax Claims.</u> This Class consists of all Allowed Claims entitled to priority under Bankruptcy Code §507(a)(8).

3.2.3. <u>Class 2: MSD Secured Claim.</u> This Class will consist of the MSD Secured Claim.

3.2.4. <u>Class 3: General Unsecured Claims.</u> This Class will consist of all Claims which are Unsecured Claims not included in Class 1.

3.2.5 <u>Class 3(a): Administrative Convenience Claims.</u> This Class will consist of all

Allowed Unsecured Claims that are less than $9,000.00, or which the holder thereof will voluntarily reduce to $9,000.00.

    3.2.6. <u>Class 4: Equity Interests.</u> This Class will consist of Equity Interests.

## ARTICLE IV

## **TREATMENT OF ADMINISTRATIVE CLAIMS**

    4.1. <u>General.</u> The holders of Allowed Class 1 Administrative Claims are not entitled to vote on the Plan. The treatment of Allowed Class 1 Administrative Claims is consistent with the provisions of Bankruptcy Code §1129(a)(9)(A).

    4.2. <u>Treatment of Administrative Claims.</u> Unless otherwise agreed by the Debtor and the holder of such claim, each Allowed Administrative Claim (including all accrued United States Trustee quarterly fees), shall be paid in full in Cash on the later to occur of (a) the Effective Date, or as soon thereafter as practicable; or (b) the tenth (10th) Business Day after a Final Order allowing such Claim is entered by the Bankruptcy Court, or as soon thereafter as practicable.

    4.3. <u>Requests for Payment.</u> All requests for payment of Administrative Claims, except for Professional Fees, must have been filed by the Bar Date or the holders thereof shall be forever barred from asserting such Administrative Claims against the Estate, except to the extent that such claims arise after the Bar Date..

## ARTICLE V

## **TREATMENT OF OTHER CLASSES OF CLAIMS**

    5.1. <u>Treatment of Class 1: Priority Tax Claims.</u> Unless otherwise agreed by the Debtor and the holder of such Claims, each Allowed Priority Tax Claim in Class 4 will be paid in full, without interest, pursuant to Bankruptcy Code §1129(a)(9) in Cash upon the later to occur of (a) the Effective Date, or as soon as practicable thereafter, or (b) the tenth (10th) Business Day after such Claim becomes an Allowed Claim. Class 4 is not impaired and holders of Allowed Claims in Class 4 are not entitled to vote on the Plan.

5.2. <u>Treatment of Class 2: MSD Secured Claim.</u> When and to the extent that the MSD Secured Claim becomes an Allowed claim, the MSD Secured Claim will be treated as follows:

A. MSD will retain its lien on all collateral in with the same validity and priority as existed prior to the Petition Date.

B. Beginning on the first day of the first calendar month following the Effective Date, and on the first day of each calendar month thereafter until the fifth anniversary of the Effective Date, MSD will receive a principal payment in the amount sufficient to amortize the Allowed MSD Secured Claim over a 360 month period with interest at the rate of 4% per annum.

C. The entire remaining Allowed MSD Secured Claim will be paid in full on the fifth anniversary of the Effective Date.

D. Except as set forth in this Plan, all other terms and conditions of the documents evidencing the MSD Secured Claim will remain unaffected.

The MSD Secured Claim is impaired and MSD is entitled to vote to accept or reject the Plan.

5.3. <u>Treatment of Class 3: General Unsecured Claims.</u> Holders of Class 3 General Unsecured to the extent they are Allowed Claims, shall each receive payment in full of their Allowed Claims, with interest at the rate of 10% per annum, compounded monthly, in two installments. The first installment of 50% of principal and all accrued interest shall be paid on the Effective Date. The second installment of all remaining principal and interest shall be paid on that date that is six months after the Effective Date. Class 3 General Unsecured Creditors are impaired and are entitled to vote to accept or reject the Plan.

5.3(a) <u>Treatment of Class 3(a): Administrative Convenience Claims.</u> Holders of Class 3(a) Administrative Convenience Claims, to the extent they are Allowed Claims, will be paid in full on the Effective Date. Class 3(a) is not impaired and holders of Allowed Class 3(a) claims, and holders of Allowed Claims that elect to reduce their Allowed General Unsecured Claim to

$9,000.00 or less, are not impaired and holders of Class 3(a) Administrative Convenience Claims are not entitled to vote on the Plan.

5.4. <u>Class 4: Equity Interests.</u> Holders of Equity Interests shall retain their interests in the Reorganized Debtor. Equity Interests are not impaired and holders of Equity Interests are deemed to have accepted the Plan.

## ARTICLE VI

## MEANS FOR EXECUTION OF THE PLAN

The means for execution of the plan are and will be as follows:

6.1. <u>Amendment and Assumption of the Robb & Stucky Lease.</u> The Robb & Stucky Lease expires in 2017. <u>On November 10, 2010, the Debtor filed its *"Motion to Approve Third Amendment to Lease Agreement"* which the Debtor anticipates will be granted prior to the Confirmation Hearing. Among other things, the proposed lease amendment extends the term of the Robb & Stucky Lease to 2022, and restructures Robb & Stucky's payment obligations.</u> Prior to the Confirmation Hearing, the Debtor will file a motion with the Bankruptcy Court to assume the Robb & Stucky lease, <u>as Amended.</u> The income from <u>the Amended</u> Robb & Stucky <u>Lease</u> will be sufficient for the Debtor to make all required payments to all creditors, and will support the value of the Real Property so that on or prior to the fifth anniversary date of the Effective Date the Debtor will be able to either sell or refinance the Real Property and pay the remaining MSD Secured Claim in full. To the extent necessary and appropriate, the Debtor will commence litigation against Robb & Stucky to collect all past due rent, penalties and late charges due under the Robb & Stucky lease as of the Effective Date and thereafter.

6.2. <u>Vesting of Property.</u> All assets of the Estate and Causes of Action shall vest pursuant to Bankruptcy Code §§541(a) and 1141(b) free and clear of all liens, claims, **encumbrances and interests except to the extent of Allowed Claims pursuant to the** terms specified in the Plan.

6.3. <u>Curing of Defaults.</u> Pursuant to Bankruptcy Code §1123(a)(5)(G), upon the Effective Date all defaults relating to all Claims shall be deemed cured as to the respective Claim

and waived by the holder of each respective Claim as to which there has been a default.

6.4. <u>Post-Confirmation Litigation</u>.    All Causes of Action shall be retained and preserved for the benefit of the Reorganized Debtor.  The Reorganized Debtor shall have the sole authority to pursue all Causes of Action, and will do so in accordance with Bankruptcy Code §1123(b)(3)(B).  All net proceeds of monetary judgments, settlements and awards resulting from the settlement or prosecution of the preserved Causes of Action shall be retained  by the Reorganized Debtor.  Settlements of Causes of Action shall be made the discretion of the Reorganized Debtor as  approved by the Bankruptcy Court pursuant to Bankruptcy Rule 9019.

6.5. <u>Payments Effective on Tender.</u>

Whenever the Plan requires a payment to be made on behalf of an Allowed Claim such payment  will be deemed made and effective upon tender thereof by the Reorganized Debtor to the Creditor to which payment is due. A tender will be effective when and if made in Cash.   If any Creditor refuses such tender, the amount tendered and refused will be held by the Reorganized Debtor for the benefit of that Creditor pending final adjudication of any dispute. However, when the dispute is finally adjudicated  and the Creditor receives the funds previously tendered and refused, the Creditor will be obligated to apply the funds in accordance with the Plan as of the date of the original tender; and while a dispute is pending and after adjudication thereof, the Creditor will not have the right to any  interest or other charges or to exercise any other rights that would be enforceable by the Creditor if the Reorganized Debtor had failed to pay the tendered payment or distribution.

6.6. <u>Unclaimed Funds and Requests for Notice</u>

6.6.1. <u>Unclaimed Distributions.</u>   Except as otherwise provided in the Plan, in the event that any distributions are returned unclaimed, the Reorganized Debtor shall hold the unclaimed distributions for sixty (60) days. Thereafter the Debtor may reallocate the unclaimed Cash distributions pursuant to the priority scheme of the Plan.

6.6.2. <u>Requests for Notice.</u>   Any party in interest wishing to be notified of any pleading filed with the Bankruptcy Court post-confirmation must file a Request for Notice with the Clerk

of the Bankruptcy Court within thirty (30) day of receiving notice of the entry of the Confirmation Order.

      6.7.   <u>Operative Documents.</u>  The Debtor may prepare any and all documents, including but not limited to, Plan modification documents, where it is reasonable or necessary to execute the Plan. If there is any dispute regarding the reasonableness or necessity of any such documents after reasonable and good faith efforts by the Debtor to negotiate and obtain approval of the documents by the other affected Person(s), any such dispute will be presented to the Bankruptcy Court for determination at or in conjunction with the Confirmation Hearing.

## VII

## TREATMENT OF EXECUTORY CONTRACTS

      7.1.   <u>Motions to Assume or Reject Other Executory Contracts.</u>

At least fifteen (15) days prior to the Confirmation Hearing, the Debtor will file one or more motions identifying any Executory Contracts that the Debtor intends to assume or assume and assign, as of the Confirmation Date, and those that the Debtor intends to reject as of the Confirmation Date. Those motions and the Bankruptcy Court orders thereon will be deemed incorporated into this Plan.

      7.2.   <u>Effect if the Debtor Does Not Act Upon Certain Executory Contracts.</u>  If the Debtor does not act to assume or reject an Executory Contract pursuant to the Plan or a motion filed prior to the Confirmation Date, such Executory Contract will be deemed rejected as of the Confirmation Date.

      7.3.   <u>Rejection Claims Bar Date.</u>  Every Claim asserted by a Creditor arising from the rejection of an Executory Contract must be filed with the Bankruptcy Court no later than twenty (20) following the Confirmation Date. Every such Claim which is timely filed, as and when it becomes an Allowed Claim, will be treated under Class 6 of the Plan. Every such Claim which is not timely filed by the deadline stated above will be barred and discharged and the Creditor holding the Claim will not receive or be entitled to any distributions under the Plan on account of such Claim.

# ARTICLE VIII
# LIMITATION OF LIABILITY

8.1. <u>Limitation of Liability.</u> Neither the Debtor nor any of its members, officers, directors, employees, managing members, advisers, attorneys, agents, or Professionals will have or incur any liability to any holder of a Claim or and Equity Interest or any of their respective agents, employees, representatives, financial advisers, Professionals, attorneys or members, or any of their successors or assigns, for any act, event, or omission occurring on or subsequent to the Petition Date, and which directly relates to, or arises out of, their conduct or action taken with respect to detect Chapter 11 Case, in pursuit of the confirmation of this Plan, the cancellation of this Plan, or the administration of the Plan or the property to be distributed under the Plan, except for willful misconduct, in all respects such parties will be entitled to reasonably relied upon the advice of counsel with respect to their duties and responsibilities under the Plan.

8.2. <u>Discharge.</u> Upon the Effective Date and in consideration of the distributions to be made hereunder, except as otherwise expressly provided herein, each holder of a Claim and any affiliate of such holder shall be deemed to have forever waived, released, and discharged the Debtor, to the fullest extent permitted by Bankruptcy Code §1141, of and from any and all Claims, rights, and liabilities that arose prior to the Effective Date. Upon the Effective Date, all such Persons shall be forever precluded and enjoined, pursuant to Bankruptcy Code §524 from prosecuting or asserting any such discharged Claim against the Debtor. Notwithstanding any provision of this Plan to the contrary, any valid setoff or recoupment rights held by the Debtor shall not be affected by the Plan and shall be expressly preserved in the Confirmation Order.

# ARTICLE IX
# MISCELLANEOUS PLAN PROVISIONS

9.1. <u>Modification, Amendment, and Withdrawal of Plan.</u> The Plan may be modified by the Debtor upon motion with the Bankruptcy Court, and subject to and in accordance with the provisions and requirements of Bankruptcy Code §1127, and subject to objection by any

party in interest. After the Confirmation Date and prior to substantial cancellation of the Plan as defined in Bankruptcy Code § 1101 (2), the Debtor may, pursuant to Bankruptcy Code § 1127 (b), institute proceedings in the Bankruptcy Court to remedy any defect or omission or reconcile any inconsistencies in the Plan, the Disclosure Statement, or the Confirmation Order, and such other matters as may be necessary to carry out the purposes and effects of the Plan so long as such proceedings do not materially adversely affect the treatment holders of Claims or Equity Interests under the Plan.

9.2. <u>Revocation or Withdrawal of the Plan.</u> The Debtor reserves the right to revoke or withdraw this Plan at any time prior to the Confirmation Date. If this Plan is withdrawn or revoked, the Plan shall be deemed null and void and nothing contained herein shall be deemed to constitute a waiver of any Claims by or against the Debtor or any other Person in any further proceedings involving the Debtor. In the event this Plan is withdrawn or revoked, nothing set forth herein shall be deemed an admission of any sort, and this Plan and any transaction contemplated hereby shall not be admitted into evidence in any proceeding.

9.3. <u>Binding Effect.</u> This Plan shall be binding upon, and shall inure to the benefit of, the holders of all Claims and Equity Interests, and their respective successors and assigns with respect to their respective Claims against the Estate or any Equity Interests in the Debtor. The Plan is binding on all Creditors and parties in interest who do not (i) timely filed an objection with the Bankruptcy Court, with a copy served on the Debtor; (ii) comply with all requirements of the Bankruptcy Code and the Bankruptcy Rules regarding such objections; (iii) appear in person, together with witnesses, unless otherwise ordered by the Bankruptcy Court, at the Confirmation Hearing; and (iv) comply with any scheduling order issued by the Bankruptcy Court, including complying with any briefing requirements and required disclosures of witnesses and exhibits.

9.4. <u>Severability.</u> If any provision of this Plan is found by the Bankruptcy Court to be invalid, illegal or unenforceable, or if this Plan is found by the Bankruptcy Court to be invalid, illegal or unenforceable, or if this Plan is not confirmable pursuant to Bankruptcy Code §1129,

the Bankruptcy Court, at the request of the Debtor, shall have the power to alter or interpret such term or provision held invalid, illegal or unenforceable, and such term or provision shall then be applicable as altered or interpreted. The Confirmation Order shall constitute a judicial determination and shall provide that each term and provision of this Plan, as it may have been altered or interpreted in accordance with the foregoing, is valid and enforceable pursuant to its terms.

9.5. <u>Extension of Payment Dates.</u> If any payment date falls due on any day that is not a Business Day, and such payment date will be extended to the next Business Day.

# ARTICLE X

# UNITED STATES TRUSTEE'S FEES

The Debtor shall pay all quarterly fees payable to the Office of the United States Trustee after the Confirmation Date, consistent with applicable provisions of the Bankruptcy Code, Bankruptcy Rules, and 28 U.S.C..§ 193 0(a)(6).

# ARTICLE XI

# RETENTION OF JURISDICTION

Notwithstanding confirmation of the Plan, the Bankruptcy Court will retain jurisdiction of the Chapter 11 Case after the Confirmation Date until a Final Order closing the Chapter 11 Case is entered by the Bankruptcy Court, upon application by the Reorganized Debtor, including, but not limited to, the following:

11.1. <u>In General.</u> The Bankruptcy Court will retain jurisdiction to determine the allowance, priority, and payment of any Claim upon any objection thereto (or other appropriate proceedings) by the Debtor, or by any other party in interest entitled to proceed in this matter. As part of such retained jurisdiction, the Bankruptcy Court will continue to determine the allowance of Administrative Clients and any request(s) for payment(s) thereof, including Administrative Claims for Professional Fees.

11.2. <u>Plan Disputes and Enforcement.</u> The Bankruptcy Court will retain jurisdiction to determine any dispute which may arise regarding the interpretation of any provision of the Plan.

The Bankruptcy Court will also retain jurisdiction to enforce any provisions of the Plan and any and all documents relating to the Plan, including the Pegasus Settlement Agreement.

11.3. <u>Further Orders.</u> The Bankruptcy Court will retain jurisdiction to facilitate the performance of the Plan by entering any necessary or appropriate orders regarding enforcement of the Plan or any provisions thereof. In addition, the Bankruptcy Court will retain jurisdiction to facilitate or implement the discharge of any Claim, or any portion thereof, pursuant to the Plan.

11.4. <u>Other Claims.</u> The Bankruptcy Court will retain jurisdiction to adjudicate any Causes of Action or any other proceedings whether or not presently pending or filed before or after the Confirmation Date, or otherwise referenced here or elsewhere in the Plan, including the not limited to, the adjudication at any and all "core proceedings" under 28 U.S.C.§157(b) and which the Reorganized Debtor may deem appropriate to initiate and prosecute before the Bankruptcy Court in aid of the Plan. This provision will not restrict the rights of the Reorganized Debtor to proceed in any other court of competent jurisdiction.

11.5. <u>Final Decree.</u> The Bankruptcy Court will retain jurisdiction to enter an appropriate final decree in the Chapter 11 Case upon application by the Reorganized Debtor.

11.6. <u>Appeals.</u> In the event of any appeal of the Confirmation Order or any other kind of review or challenged to the Confirmation Order, and provided that no stay of the effectiveness of the Confirmation Order has been entered, the Bankruptcy Court will retain jurisdiction to implement and enforce the Confirmation Order and the Plan according to their terms, including, but not limited to, jurisdiction to enter such orders regarding the Plan or the performance thereof as may be necessary to effectuate the terms of the Plan.

11.7. <u>Executory Contracts.</u> The Bankruptcy Court will retain jurisdiction to determine any and all motions regarding assumption and assignment or rejection of Executory Contracts and any and all Claims arising therefrom.

11.8. <u>Claims Against the Estate</u>. The Bankruptcy Court will retain jurisdiction to adjudicate all Claims to a security or ownership interest in any property of the Estate or any

proceeds thereof.

**RESPECTFULLY SUBMITTED** this ~~18th~~ 3rd day of ~~August,~~ December 2010.

                         **SIMBRO & STANLEY, PLC**

                         /s/ EBS#011730
                         Edwin B. Stanley, Esq.
                         8767 East Via de Commercio
                         Suite #103
                         Scottsdale, Arizona 85258
                         Attorneys for C&H Arizona-Stucky, LLC