Robert R. Kinas (#011560)
Jonathan M. Saffer (#022004)
Nathan G. Kanute (#023944)
SNELL & WILMER L.L.P.
One South Church Avenue
Suite 1500
Tucson, AZ 85701-1630
Telephone: (520) 882-1236
Email: rkinas@swlaw.com
       jmsaffer@swlaw.com
       nkanute@swlaw.com
Attorneys for MSDW 2000-Life 1 Stucky Store, LLC

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| In Re:<br><br>C&H ARIZONA-STUCKY, LLC<br><br>Debtor. | Chapter 11 Proceeding<br><br>Case No. 2:10-bk-21165-RJH<br><br>**SECOND SUPPLEMENT TO OBJECTION TO DEBTOR'S PLAN OF REORGANIZATION**<br><br>Hearing Date: January 20, 2011<br>Hearing Time: 11:00 a.m.<br>Location: 230 N. First Ave.<br>Phoenix, AZ<br>**Courtroom 603** |

MSDW 2000-Life 1 Stucky Store, LLC ("MSDW"), a secured creditor and party-in-interest, hereby submits this supplement to its *Objection to Debtor's Plan of Reorganization dated August 18, 2010* [DE # 91] and the *Supplement to Objection to Debtor's Plan of Reorganization* [DE # 92] (collectively, the "Objection"). All of the facts and arguments set forth in the Objection are fully incorporated herein by reference.

C&H Arizona-Stucky, LLC's ("Debtor") *Amended Plan of Reorganization by the Debtor Dated December 3, 2010* (the "Amended Plan") [DE # 55] cannot be confirmed. The Amended Plan was not proposed in good faith. In particular, the "loan" from Vern Padgett was a sham transaction perpetrated by Debtor's insiders for the sole purpose of cramming down MSDW's secured claim. Accordingly, Debtor has no impaired consenting class, as required by § 1129(a)(10). Further, Debtor's sole tenant has now

12604501.1

filed its own bankruptcy petition. The feasibility of the Amended Plan depends on the tenant remaining in place and paying rent pursuant to the Court-approved amended lease. Without the foregoing, the Amended Plan is not feasible.

The Objection and this Supplement are fully supported by the following Memorandum of Points and Authorities and the prior pleadings and papers filed in this case, all of which are incorporated herein by this reference.

## **MEMORANDUM OF POINTS AND AUTHORITIES**

### **I. SUPPLEMENTAL FACTUAL AND PROCEDURAL BACKGROUND**

1. Debtor filed its voluntary Chapter 11 petition on July 7, 2010.

2. On or about June 25, 2010, ten days after depleting its cash reserves for the benefit of insiders and less than two weeks prior to the Petition Date, Debtor claims to have received a "loan" from Vern Padgett ("Padgett") in the original principal amount of $100,000.00.

3. Padgett and Debtor have admitted that the funds for the "loan" came from Debtor's principal, Basil Christopoulos, and not Padgett. *See Amended Response to "Objection to Scheduled Unsecured Non-Priority Claim of Vern Padgett and Motion for § 1126(e) Designation"* ("Response") at 2 n.1 [DE # 111]; *see also* Transcript of Rule 2004 Examination of Vern Padgett (Jan. 19, 2011) ("Transcript") at 53-54, attached as Exhibit A to MSDW's *Supplement to Objection to Claim of Vern Padgett and Motion for § 1126(e) Designation* ("Supplement to Padgett Objection") [DE # 116].

4. Further, Padgett has testified that the purpose of the sham transaction was to give Debtor the impaired consenting class needed to cramdown MSDW's secured claim through the Amended Plan. Transcript at 50, 51.

5. In addition to the foregoing, on February 18, 2011, Debtor's sole tenant, Robb & Stucky Limited, LLLP ("Robb & Stucky"), filed a Chapter 11 petition in the Bankruptcy Court for the Middle District of Florida, Case No. 8:11-bk-028010-CED.

//

12604501.1

- 2 -

## II. LEGAL ANALYSIS

### A. The Bad Faith already Present in the Amended Plan is Exacerbated by the Sham Loan.

As set forth in the Objection, Debtor's bad faith is apparent on the face of the Amended Plan and in Debtor's pre-petition actions. When the foregoing is considered in conjunction with Debtor's scheme to create an impaired class based on a whitewashed insider loan, Debtor's bad faith in proposing the Amended Plan is undeniable.

Debtor, through affidavits and sworn testimony, has continually portrayed the sham loan from Padgett as a legitimate obligation that would need to be paid through these proceedings. *See* Supplement to Padgett Objection at 4. Debtor's treatment of the sham claim in the Amended Plan is no different. Pursuant to the Amended Plan, Padgett receives payment in full within six months of the effective date and interest at ten percent until the purported claim is paid. Amended Plan § 5.3. Debtor, however, proposes to stretch out MSDW's already matured loan for an additional five years with minimal payments. Amended Plan § 5.2.

Debtor seeks to confirm the Amended Plan over MSDW's objection. To accomplish this goal, a scheme was concocted pre-petition whereby one of Debtor's principal's entities would transfer $100,000.00 to Padgett's wife, who would transfer the money to Padgett, who would then transfer the money to Debtor. *See* Transcript at 53-54. The purpose of this sham loan was to create an impaired consenting class to allow Debtor to cramdown a plan of reorganization over MSDW's objection. *See* Transcript at 50, 51, 56-57. This verges on bankruptcy fraud and, at a minimum, establishes that Debtor proposed the Amended Plan in bad faith. Debtor's ruse cannot be rewarded by permitting this case to go any further.

### B. The Sham Loan from Padgett cannot Provide Debtor's Impaired Consenting Class.

Confirmation of the Amended Plan over MSDW's objection requires a vote of an impaired-consenting class, without taking account of any acceptance by an insider. 11 U.S.C. § 1129(a)(10). This "loan" is a disguised insider loan. *See* Supplement to Padgett

12604501.1

- 3 -

Objection at 2-3 & Transcript at 53-54, 56-57. If Debtor's principal had made the loan directly, either himself or through one of his entities, no vote would count for purposes of meeting the § 1129(a)(10) requirement. The result cannot change simply because Mr. Christopoulos channeled the funds through Padgett. Accordingly, Debtor has no impaired consenting class.

Even if the Court were to ignore all of the foregoing, Padgett is a non-statutory insider and his vote cannot count. An insider is "one who has a sufficiently close relationship with a debtor that his conduct is made subject to closer scrutiny than those dealing at arms length with the debtor." S. Rep. No. 95-989, 95th Cong., 2nd Sess. 25 (1978) and H.R. Rep. No. 95-595, 95th Cong. 1st Sess. 312 (1977), reprinted in U.S.C.C.A.N. 1978, pp. 5787, 5810, 6269. The determination that a party is an insider is a question of fact and is not confined to the statutorily identified entities. *In re Friedman*, 126 B.R. 63, 69-70 (9th Cir. B.A.P. 1991). As Debtor stated, "where a creditor is under the debtor's proverbial thumb due to the parties' affinity of interests, that creditor is less likely, perhaps even incapable, of casting a vote formed on an independent judgment of what will best serve his interests, much less those of his fellow class members." *In re Gilbert*, 104 B.R. 206, 210 (Bankr. W.D. Mo. 1989). Padgett's testimony establishes the failure to deal with Debtor at arms-length, his close relationship, and his inability to cast a vote based on his independent judgment.

Padgett is a "very close personal friend" of Mr. Christopolous and his family. Transcript at 13. In making the loan, Padgett, a banker himself, took none of the precautions expected. Mr. Padgett knew the Debtor was contemplating bankruptcy, yet he did not make any inquiries into the financial condition of the entity, did not ask for any security, did not seek a personal guaranty, and did not negotiate the terms of the loan. Transcript at 47-52. In Mr. Padgett's words, "this is a loan that's made to a buddy." Transcript at 50. Further, Mr. Padgett testified that he had no idea how his claim was to be paid under Debtor's plan, or even if it would be paid. Transcript at 54-57. Yet, he voted in favor of the plan. Padgett failed to exercise his own independent judgment in

12604501.1
- 4 -

voting on the Amended Plan. He made no analysis of his treatment. Instead, he carried out the "favor" Mr. Christopoulos asked of him pre-petition. Transcript at 56-57. If this is not a transaction that should be subject to closer scrutiny than an arms length transaction, nothing else qualifies. Clearly, Mr. Padgett must be considered an insider in this case based on all of the foregoing. Therefore, his vote cannot be counted.

### C. The Amended Plan is not Feasible Given Robb & Stucky's Bankruptcy.

The success of Debtor's Amended Plan depends on Debtor having regular monthly income from its tenant, Robb & Stucky. *See* Amended Plan § 5.2(B), § 6.1. That income is in serious question now that Robb & Stucky has filed a voluntary Chapter 11 petition in the Middle District of Florida. A liquidation of Robb & Stucky and/or termination of the lease with Debtor, a result that is not out of the question, would render the Amended Plan impossible. Given the unique aspects of the Property, Debtor's principal has admitted that getting a new tenant would be unlikely if Robb & Stucky were to go out of business. Transcript of 2004 Examination of Basil Christopoulos (Dec. 20, 2010) at 19-22, the relevant pages of which are attached hereto as Exhibit A. Accordingly, the Court cannot consider the Amended Plan feasible given the uncertain circumstances with the tenant. On top of the other feasibility issues set forth in the Objection, this dictates denial of confirmation.

### III. CONCLUSION

Based on the foregoing, and the Objection, the Court cannot confirm Debtor's Amended Plan.

DATED this 21st day of February, 2011.

SNELL & WILMER L.L.P.

By  s/Nathan G. Kanute
    Robert R. Kinas
    Jonathan M. Saffer
    Nathan G. Kanute
    One South Church Street, Suite 1500
    Tucson, AZ 85701-1294
    Attorneys for MSDW 2000-Life 1 Stucky Store, LLC

12604501.1

- 5 -

Copy of the foregoing served electronically
or mailed by United States Postal Service
on February 21, 2011 to the following:

U.S. Trustee
Office of the U.S. Trustee
230 N. First Avenue
Suite 204
Phoenix, AZ 85003

Craig Solomon Ganz
Gallagher & Kennedy, P.A.
2575 East Camelback Road
Suite 1100
Phoenix AZ 85016-9225
craig.ganz@gknet.com

Edwin B Stanley
Simbro & Stanley, PLC
8767 East Via De Commercio #103
Scottsdale, AZ 85258-3374
bstanley@simbroandstanley.com

 s/ Brenda J. Kroth

Snell & Wilmer
L.L.P.
LAW OFFICES
One South Church Avenue, Suite 1500
Tucson, Arizona 85701-1630
(520) 882-1200

12604501.1